**Melody STEFFES, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF PUBLIC WELFARE and Stearns County Social Services, Appellants.**

**No. 51521.**

Supreme Court of Minnesota.

Aug. 21, 1981.

Warren Spannaus, Atty. Gen., St. Paul, Roger Van Heel, County Atty., St. Cloud, for appellants.

Louise A. Dobbe, St. Cloud Area Legal Services, St. Cloud, for respondent.

AMDAHL, Justice.

Stearns County Social Services appeals from an order of the district court reversing a decision of the Commissioner of Public Welfare that termination of AFDC benefits was proper. The issue on appeal is whether a child is eligible to receive AFDC benefits when his natural father resides in the home but has been released from liability for the child by means of a court approved lump-sum settlement in a paternity proceeding. We conclude that the child is eligible under such circumstances and we therefore affirm.

On April 9, 1973 Melody Anderson gave birth to a son out of wedlock. She named David Steffes as the father and commenced receiving AFDC payments. Pursuant to Minn.Stat. § 257.28 (1971) (repealed 1980),[1] Steffes, Anderson and Stearns County, as agent of the Commissioner of the Department of Public Welfare, entered into a stipulated lump-sum settlement for expenses of pregnancy and child support.[2] Steffes did not admit paternity. The district court approved the settlement.

In March of 1978 Steffes, Anderson and the child began residing together. Stearns County terminated the AFDC grant because of the cohabitation and Anderson appealed. The Commissioner of Public Welfare reversed on the ground that Steffes, who neither admitted paternity nor had been adjudicated the child's father, was a "man in the house" rather than a "parent" for AFDC purposes. The district court affirmed this decision.

Subsequently Steffes and Anderson married. Stearns County commenced a paternity proceeding and obtained a default judgment.[3] AFDC benefits were again terminated and the mother appealed. This time the Commissioner of Public Welfare upheld the decision of the local agency reasoning that the adjudication of paternity made Steffes the child's "parent" within the meaning of AFDC rules and regulations. The mother took further appeal to

---

1. Minn.Stat. § 257.28 (1971) (repealed 1980) provided:

   The commissioner of public welfare shall accept from the alleged, acknowledged, or adjudicated father of the child such sum as shall be approved by the court having jurisdiction of proceedings to establish the paternity of the child in full settlement of all obligations for the care, maintenance, and education of such child and hold or dispose of the same as ordered by the court. Such settlement shall discharge the alleged, acknowledged, or adjudicated father of all further liability, civil and criminal, on account of such child, provided that such settlement shall not affect his liability for the expenses of pregnancy, confinement, and mother's maintenance under section 257.251.

2. The financial responsibility of a father for his illegitimate child is a creation of statute. No common law duty existed. *Forslund v. Bronson*, 305 N.W.2d 748 (Minn.1981). The legislature, having created the duty, has the authority to limit or otherwise affect the duty. By the passage of Minn.Stat. § 257.28 (1971) (repealed

1980), the legislature provided that the statutory duty could be terminated or fulfilled by a settlement agreement between the commissioner of public welfare and the alleged, acknowledged or adjudicated father. The statute at the times material to the instant case did not require the consent of the child whether by guardian ad litem or otherwise. Subsequently, by the Parentage Act, Minn.Stat. § 257.60 (1980), the Legislature required that in settlements of the sort involved in our present case the child "shall be made a party and the Commissioner of Public Welfare shall be appointed as guardian ad litem before the court approves a compromise or orders a lump-sum payment."

3. The judgment of paternity was reversed by a three-judge panel of the district court subsequent to the appeal in this case and the matter was remanded for trial. However, the parties have agreed, for purposes of this appeal, that we may assume that paternity has been established.

the district court which reversed the commissioner. The court determined that Steffes was not the child's "parent" within the meaning of the Social Security Act, because the stipulated settlement had relieved him of the support obligation that would have so classified him. Stearns County appealed to this court.

The Social Security Act defines a "dependent child" for purposes of AFDC eligibility as a needy child "who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent." 42 U.S.C. § 606(a) (1977). The United States Supreme Court has been called upon to interpret the term "parent" on three occasions, each time striking down state rules that defined the word to include persons who did not owe to the child a state-imposed legal duty of support. *Van Lare v. Hurley*, 421 U.S. 338, 95 S.Ct. 1741, 44 L.Ed.2d 208 (1975) (man living in the house treated as a lodger and presumed rental deducted from shelter allowance); *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970) (nonadopting stepfather or man assuming the role of a spouse); *King v. Smith*, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968) (substitute father, *i. e.*, able-bodied man cohabiting with child's mother).

In this case the biological father, obligated by state law to support the child, has allegedly discharged his obligation by entering a settlement agreement with Stearns County and the mother. We agree that if he has done so he is not a "parent" for purposes of AFDC eligibility as that term has been interpreted. The language of the settlement agreement substantially tracks that of the statute by providing that it is "in full settlement of the obligation imposed upon the defendant to provide for the care, maintenance and education of said child" and that performance by the defendant will "release and forever discharge the said David Steffes from all further liability, civil and criminal, on account of said child." Although the agreement did not contain an admission of paternity, it did deal with the entire support obligation incidental to pa-

ternity, and while Stearns County arguably is not collaterally estopped from establishing that Steffes is the child's father, it may not by that means revive a support obligation. Thus, to prevail, Stearns County must show a legal basis for modifying the settlement. Were we persuaded that modification is permitted by statute, *cf.* Minn.Stat. §§ 257.257, 257.28 (1978), we are not convinced that an unforeseeable change in circumstances entitling Stearns County to modification has occurred. No legal or equitable basis for avoiding the settlement has been presented.

We recognize the fundamental unfairness of awarding benefits for a child's support where both parents are able bodied and living at home with the child. Given the actions of Congress, the federal courts, and our own Legislature, however, this is the result we are compelled to reach. The 1980 statutory amendments will help prevent this situation from recurring in our state. *See* Minn.Stat. §§ 257.51–.74 (1980). The counties can also avoid the problem by use of a properly drafted paternity settlement agreement. In these ways, the result reached in this case can be avoided in the future.

Affirmed.